# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WHITE COMMUNICATIONS, LIMITED LIABILITY COMPANY, and JEFFERY N. WHITE,<br><br>    Plaintiffs,<br><br>vs.<br><br>SYNERGIES3 TEC SERVICES, LLC, ERIC ATCHLEY, and BENTON P. ODOM, JR.,<br><br>    Defendants. | CASE NO.: 4:18-cv-00124-RGE-CFB<br><br>**AMENDED AND SUBSTITUTED COMPLAINT AND JURY DEMAND** |

Plaintiffs state:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action by virtue of its removal from state court pursuant to the Notice of Removal filed herein on April 24, 2018. The removal was based upon an assertion of diversity jurisdiction under 28 U.S.C. section 1332(a) and removal jurisdiction pursuant to 28 U.S.C. section 1441.

2. Venue in this district is proper pursuant to 28 U.S.C. section 1391(b) because the events and conduct occurred in this district.

## IDENTIFICATION OF PARTIES

3. Plaintiff White Communications, Limited Liability Company ("White Communications") is a limited liability company organized and existing under the laws of the state of Iowa with its principal offices in Davis County, Iowa.

4. Plaintiff Jeffery N. White ("Jeffery") is an individual residing in Davis County,

1

Iowa.

5. Defendant Synergies3 Tec Services, LLC ("Synergies3") is a limited liability company organized and, on information and belief, domiciled in the state of Texas.

6. Defendant Eric Atchley ("Atchley") is an individual residing, on information and belief, in the state of Texas. At all material times, Atchley was and remains a member of Synergies3.

7. Defendant Benton P. Odom Jr. ("Odom") is an individual residing, on information and belief, in the state of Texas. At all material times, Odom was and remains a member of Synergies3.

## FACTUAL ALLEGATIONS

8. In or about August, 2016, Plaintiffs and Synergies3 entered into an agreement (the "Asset Purchase Agreement") pursuant to which Synergies3 purchased and agreed to pay for certain assets of White Communications (the "Purchased Assets"). Atchley and Odom negotiated the terms of the Asset Purchase Agreement as applicable to Synergies3.

9. In consideration for its acquisition of the Purchased Assets, Synergies3 agreed, among other things, to: (a) pay to White Communications the sum of four hundred thousand dollars ($400,000); (b) issue to Jeffery membership interests in Synergies3 representing a one-third ownership interest in Synergies3; and (c) pay to White Communications and Jeffery four and one-half percent (4.5%) of Synergies3's weekly gross revenues on an ongoing basis.

10. White Communications fully performed its agreement to transfer the Purchased Assets to Synergies3.

11. Notwithstanding White Communications' full performance of its obligations under the Asset Purchase Agreement, Synergies3 only partially performed its obligations and is

in breach of its obligations under the Asset Purchase Agreement.

12. Synergies3's partial performance under the Asset Purchase Agreement has consisted of : (a) a payment of four hundred thousand dollars ($400,000) to White Communications; (b) issuance to Jeffery of a twenty-nine percent (29%) stake in Synergies3 (which it later purported to terminate); and (c) payment to White Communications and Jeffery of amounts purportedly equal to four and one-half (4.5%) of its gross weekly revenues during approximately the periods from September 22, 2016 until November 17, 2016 and payment of smaller sums during the period from November 17, 2016 through February 22, 2018.

13. The Asset Purchase Agreement was performed, and was to be performed, in whole or in part in Iowa.

14. The members of Synergies3, including without limitation Atchley and Odom, are parties to and bound by an "Operating Agreement of Synergies3 Tec Services, LLC" dated on or about October 7, 2016 (the "Operating Agreement"). Under Texas law, the Operating Agreement is also binding upon Synergies3.

15. Synergies3 has failed to pay to White Communications and Jeffery the full payments it agreed to make and it has also wrongfully purported to terminate Jeffery's rights and interest as a member of Synergies3.

16. Defendants made false and defamatory statements to third parties about Plaintiffs as a result of which Plaintiffs have suffered injury and damage to their reputations and business.

17. Through their false and defamatory statements and through other direct interference, Defendants caused third parties to refuse and decline to do business with Plaintiffs.

### COUNT I: WHITE COMMUNICATIONS CLAIM FOR BREACH OF ASSET PURCHASE AGREEMENT

18.    White Communications realleges and incorporates herein by reference the allegations of paragraphs 1 through 17 above.

19.    Synergies3 has breached the Asset Purchase Agreement.

20.    As a result of Synergies3's breach of the Asset Purchase Agreement, White Communications has sustained substantial damages in excess of this court's jurisdictional minimum amount.

21.    White Communications is entitled to a judgment for damages sustained by it as a result of Synergies3's breach of contract.

**WHEREFORE**, Plaintiff White Communications, Limited Liability Company prays for a money judgment against Defendant Synergies3 Tec Services, LLC in an amount fully sufficient to compensate it for its damages and for costs of this action.

### COUNT II: JEFFERY WHITE CLAIM FOR BREACH OF ASSET PURCHASE AGREEMENT

22.    Jeffery realleges and incorporates herein by reference the allegations of paragraphs 1 through 21 above.

23.    Synergies3 has breached the Asset Purchase Agreement.

24.    As a result of Synergies3's breach of the Asset Purchase Agreement, Jeffery has sustained substantial damages in excess of this court's jurisdictional minimum amount.

25.    Jeffery is entitled to a judgment for damages sustained by him as a result of Synergies3's breach of contract.

**WHEREFORE**, Plaintiff Jeffery N. White prays for a money judgment against Defendant Synergies3 Tec Services, LLC in an amount fully sufficient to compensate him for his

damages and for costs of this action.

### COUNT III: WHITE COMMUNICATIONS CLAIM FOR BREACH OF IMPLIED CONTRACT

26. White Communications realleges and incorporates herein by reference the allegations of paragraphs 1 through 25 above.

27. A contract implied in fact exists under which Synergies3 was and remains legally obligated to pay and perform as described above.

28. Synergies3 has breached that implied contract.

29. As a result of Synergies3's breach of the implied contract, White Communications has sustained substantial damages in excess of this court's jurisdictional minimum amount.

30. White Communications is entitled to a judgment for damages sustained by it as a result of Synergies3's breach of implied contract.

**WHEREFORE**, Plaintiff White Communications, Limited Liability Company prays for a money judgment against Defendant Synergies3 Tec Services, LLC in an amount fully sufficient to compensate it for its damages and for costs of this action.

### COUNT IV: JEFFERY WHITE CLAIM FOR BREACH OF IMPLIED CONTRACT

31. Jeffery realleges and incorporates herein by reference the allegations of paragraphs 1 through 30 above.

32. A contract implied in fact exists under which Synergies3 was and remains legally obligated to pay and perform as described above.

33. Synergies3 has breached that implied contract.

34. As a result of Synergies3's breach of the implied contract, Jeffery has sustained substantial damages in excess of this court's jurisdictional minimum amount.

35. Jeffery is entitled to a judgment for damages sustained by him as a result of Synergies3's breach of implied contract.

**WHEREFORE**, Plaintiff Jeffery N. White prays for a money judgment against Defendant Synergies3 Tec Services, LLC in an amount fully sufficient to compensate him for his damages and for costs of this action.

**COUNT V: WHITE COMMUNICATIONS CLAIM FOR PROMISSORY ESTOPPEL**

36. White Communications realleges and incorporates herein by reference the allegations of paragraphs 1 through 35 above.

37. Synergies3 made a clear and definite promise to purchase the assets of White Communications for an amount in excess of this court's jurisdictional minimum and on the terms described above.

38. Synergies3 understood that White Communications sought assurance that Synergies3 would pay for the assets as promised and that White Communications would not have acted without that promise.

39. White Communications acted to its substantial detriment in reasonable reliance on the promises of Synergies3.

40. Injustice can be avoided by enforcing the promises made by Synergies3.

41. In order to enforce the promises made by Synergies3, a judgment should be entered against it for all amounts of money it promised to pay to White Communications.

**WHEREFORE**, Plaintiff White Communications, Limited Liability Company prays for

a money judgment against Defendant Synergies3 Tec Services, LLC in an amount fully sufficient to enforce the promises made by Synergies3 Tec Services, LLC and to compensate White Communications for its damages and for costs of this action.

### COUNT VI: JEFFERY'S CLAIM FOR PROMISSORY ESTOPPEL

42. Jeffery realleges and incorporates herein by reference the allegations of paragraphs 1 through 41 above.

43. Synergies3 made clear and definite promises to pay money to Jeffery and to and provide to him the other consideration described above, all in amounts in excess of this court's jurisdictional minimum.

44. Synergies3 understood that Jeffery sought assurance that Synergies3 would pay money and provide consideration as promised and that Jeffery would not have acted without that promise.

45. Jeffery acted to his substantial detriment in reasonable reliance on the promises of Synergies3.

46. Injustice can be avoided by enforcing the promises made by Synergies3.

47. In order to enforce the promises made by Synergies3, a judgment should be entered against it for all amounts of money and consideration promised by it to Jeffery.

**WHEREFORE**, Plaintiff Jeffery N. White prays for a money judgment against Defendant Synergies3 Tec Services, LLC in an amount fully sufficient to enforce the promises made by Synergies3 Tec Services, LLC and to compensate Jeffery N. White for his damages and for costs of this action.

## COUNT VII: PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

48. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 47 above.

49. Defendants have received the financial and commercial benefits of directly and indirectly owning White Communications' assets and business without paying to Plaintiffs the fair value of those assets and that business.

50. Defendants have been unjustly enriched in amounts and values in excess of this court's jurisdictional minimum and consequently Plaintiffs are entitled to a monetary judgment against Defendants in an amount equal to the amount of that unjust enrichment.

**WHEREFORE**, Plaintiffs pray for a money judgment against Defendants, jointly and severally, in an amount equal to the amount of the unjust enrichment received by Defendants and for costs of this action.

## COUNT VIII: JEFFERY'S CLAIM AGAINST ALL DEFENDANTS FOR BREACH OF SYNERGIES3 OPERATING AGREEMENT

51. Jeffery realleges and incorporates herein by reference the allegations of paragraphs 1 through 50 above.

52. Defendants have violated the terms of the Operating Agreement by wrongfully terminating Jeffery's rights and interest as a member of Synergies3 and by terminating payments due to him under the Operating Agreement.

53. As a result of the Defendants' breach of the Operating Agreement, Jeffery has sustained substantial damages in excess of this court's jurisdictional minimum amount.

54. Jeffery is entitled to a judgment for damages sustained by him as a result of Defendants' breach of contract.

**WHEREFORE**, Plaintiff Jeffery N. White prays for a money judgment against Defendants, jointly and severally, in an amount fully sufficient to compensate him for his damages and for costs of this action.

### COUNT IX: WHITE COMMUNICATIONS THIRD-PARTY BENEFICIARY CLAIM AGAINST ALL DEFENDANTS FOR BREACH OF OPERATING AGREEMENT

55. White Communications realleges and incorporates herein by reference the allegations of paragraphs 1 through 54 above.

56. White Communications is a third-party beneficiary of the Operating Agreement.

57. As a result of Defendants' breach of the Operating Agreement, White Communications has sustained substantial damages in excess of this court's jurisdictional minimum amount.

58. White Communications is entitled to a judgment for damages sustained by it as a result of Defendants' breach of contract.

**WHEREFORE**, Plaintiff White Communications, Limited Liability Company prays for a money judgment against Defendants, jointly and severally in an amount fully sufficient to compensate it for its damages and for costs of this action.

### COUNT X: PLAINTIFFS' CLAIM OF DEFAMATION AGAINST ALL DEFENDANTS

59. Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 58 above.

60. Defendants have defamed Plaintiffs through their false and malicious statements to third parties including but not limited to then-existing and prospective contractors and contracting entities.

61. As a proximate result of Defendants' defamatory statements, Plaintiffs have sustained substantial injury to their reputations and business and are entitled to recover judgments against Defendants for damages in excess of this court's jurisdictional minimum.

62. Defendants' conduct was willful and wanton and in reckless disregard of Plaintiffs' rights and, consequently, Plaintiffs are entitled to judgments for punitive damages.

**WHEREFORE**, Plaintiff White Communications, Limited Liability Company and Jeffery White pray for money judgments against all Defendants, jointly and severally, in an amount fully sufficient to compensate them for their damages, for punitive damages, and for costs of this action.

### COUNT XI: WHITE COMMUNICATIONS CLAIM AGAINST ALL DEFENDANTS FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACT AND BUSINESS ADVANTAGE

63. White Communications realleges and incorporates herein by reference the allegations of paragraphs 1 through 62 above.

64. Defendants intentionally and wrongfully interfered with White Communications' prospective contracts, business relationships, and prospective advantage.

65. As a proximate result of Defendants' interference, White Communications has sustained substantial injuries and is entitled to recover a judgment against Synergies3 for damages in excess of this court's jurisdictional minimum.

66. Defendants' conduct was willful and wanton and in reckless disregard of White Communications' rights and, consequently, White Communications is entitled to a judgment for punitive damages.

**WHEREFORE,** Plaintiff White Communications, Limited Liability Company prays for a money judgment against all Defendants, jointly and severally, in an amount fully sufficient to

compensate it for its damages, for punitive damages, and for costs of this action.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues triable to a jury in this case.

/s/ William W. Graham
William W. Graham     AT0002953
GRAHAM, ERVANIAN & CACCIATORE, L.L.P.
317 Sixth Avenue, Suite 900
Des Moines, IA  50309
Telephone:  (515) 244-9400
Facsimile:  (515) 282-4235
wwg@grahamlawiowa.com
ATTORNEYS FOR PLAINTIFFS